**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IRIS COLON, AND ALL SIMILARLY**
**SITUATED INDIVIDUALS,**

                  **Plaintiffs,**

**-vs-**                                  **Case No. 6:08-cv-1121-Orl-28DAB**

**JOHN KNOX VILLAGE OF CENTRAL**
**FLORIDA, INC., ,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE (Doc. No. 24)**
>
> **FILED:** December 5, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on January 5, 2009 with counsel for both parties appearing by phone.

Based on the representations of counsel, Plaintiff was employed by Defendant as a waitress. Doc. No. 15-2. The extent of Plaintiff's entitlement to be paid for working through her lunch break was disputed, with Plaintiff seeking approximately $6,142.50 for alleged overtime worked and unpaid wages. Doc. No. 15-2. Plaintiff's counsel explained that there were actually two separate issues. First, as to the hours which had not been paid at all from a systematic record keeping failure on days Plaintiff was not originally scheduled to work but did work (approximately 14 hours). Defendant did not contest these hours, and settlement of $890 is for the full amount of wages owed plus liquidated damages.

Second, at issue were hours Plaintiff alleged she worked and Defendant deducted as scheduled lunch breaks. Counsel stated that initially Plaintiff believed there to be many days, but once the time records were received from Defendant, the records showed that there were only 28 days in total. Defendant disputed that any money was owed on these grounds, but the overall settlement was a compromise of these claims as well.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,000 in attorney's fees for approximately 11 hours of attorney time and costs which approximate $500. *See* Doc. No. 24 at 2 n. 1. Plaintiff's counsel litigated the case on behalf of Plaintiff from July to December 2008. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $890.04 to Plaintiff for unpaid wages and liquidated damages, and $4,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record
Courtroom Deputy